IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | * |
| | * |
| JEFFREY D. RATHELL, SR. | *   Case Number: 19-15056-TJC |
| | * |
| Debtor | * |
| | * |

* * * * * * * * * * * * *

THE RESIDUARY TRUST
U/W CHARLES R. RATHELL, JR.

    *Plaintiff*

v.

JEFFREY D. RATHELL, SR.

    29432 Buckingham Drive
    Cordova, Maryland 21625

and

RATHELL FARM EQUIPMENT COMPANY, INC.

    12682 Old Skipton Road
    Cordova, Maryland 21625

and

RATHELL SALES & SERVICE, LLC

    8338 Elliott Road, Suite 2
    Easton, Maryland 21601

    *Defendants*

## COMPLAINT OBJECTING TO DISCHARGE OF DEBT

1

COMES NOW, The Residuary Trust U/W Charles R. Rathell, Jr., creditor in the above-captioned bankruptcy case and as Plaintiff in the above-captioned adversary proceeding, and hereby alleges upon its own knowledge and information and belief, as follows:

## PRELIMINARY STATEMENT

1.	This is an adversary proceeding objecting to the discharge of certain debt incurred by Jeffrey D. Rathell, Sr. ("Debtor").  The basis for the objections are certain fraudulent transactions made within two (2) years prior to April 12, 2019 (the "Petition Date"), the date on which Debtor filed his Petition.

## JURISDICTION AND VENUE

2.	This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.	Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).  This adversary proceeding is related to a bankruptcy case under Chapter 7 that is pending in this district (Case No. 19-15056-TJC).

4.	This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001(1) and (6).

5.	Plaintiff does not consent to entry of a final order or judgment by the Bankruptcy Court in this matter.

## PARTIES

6.	Plaintiff Residuary Trust U/W Charles R. Rathell, Jr. ("Plaintiff" or the "Trust") was created by the Last Will and Testament of Charles R. Rathell, Jr., father of Debtor, who passed away in 2009.

7. Debtor is an individual residing at 29432 Buckingham Drive, Cordova, Maryland 21625. *See*, Debtor's Voluntary Petition for Individuals Filing for Bankruptcy, Doc. No. 1, at p. 2.

8. Defendant Rathell Farm Equipment Company, Inc. ("RFEC") is a dissolved Maryland foreign corporation which was registered in the State of Maryland on January 6, 1995. Attached hereto as <u>Exhibit A</u> is a copy of the Maryland Business Express information results for RFEC, which reflects, *inter alia*, the dissolved status of RFEC and its date of registration. RFEC filed a "termination application" on January 28, 2019 and was subsequently dissolved. *Id*. Debtor was the sole owner of RFEC. *See*, Debtor's Summary of Assets and Liabilities and Certain Statistical Information, Doc. No. 23, at p. 5.

9. Defendant Rathell Sales & Service, LLC ("RSS") is an active Maryland Limited Liability Company which was formed on November 26, 2017 and remains in good standing. Attached hereto as <u>Exhibit B</u> is a copy of the Maryland Business Express information results for RSS, which reflects, *inter alia*, the active status of RSS and its date of formation. Debtor is the Resident Agent of RSS. *Id*. Debtor is also the sole owner of RSS. *See*, Debtor's Summary of Assets and Liabilities and Certain Statistical Information, Doc. No. 23, at p. 5.

## FACTUAL BACKGROUND

10. The Trust was created by operation of the Last Will and Testament (the "Will) of Charles R. Rathell, Jr. (hereinafter "Mr. Rathell"), who passed away in 2009.

11. The Rathell Family Limited Partnership ("RFLP") was created in 1997, with Mr. Rathell and Constance M. Rathell, wife of Mr. Rathell and mother of Debtor (hereinafter "Mrs. Rathell"), as limited and general partners.

12. The RFLP owned two properties – the Calhoun Farm and the Buckingham Farm, both located in Talbot County, Maryland (collectively, the "RFLP Properties").

13. As a result of Mr. Rathell's passing and by operation of his Will, certain property passed to the Trust. Specifically, the Trust had an ownership stake in certain real property and other assets located in Talbot County, Maryland (collectively, the "Trust Properties"), as follows:

    a. The farm house located at 12735 Old Skipton Road, Queen Anne, Maryland (the "Farm House"). The Farm House was owned 39% by the Trust and the other 61% by Mrs. Rathell.[1]

    b. Certain commercial property located at 12681 Old Skipton Road, Queen Anne, Maryland (the "RFEC Property"). The RFEC Property was owned 61% by Mrs. Rathell and 39% by the Trust.

    c. Certain commercial property located at 303 – 307 E. Dover Street, Easton, Maryland (the "Dover Street Property"). The Dover Street Property was owned 50% by the Trust and 50% by Mrs. Rathell.

    d. A 4.2-acre lot located on Old Skipton Road, Queen Anne, Maryland (the "4.2-Acre Parcel"). The 4.2-Acre Parcel was owned 39% by the Trust and 61% by Mrs. Rathell.

    e. A 2% interest in the RFLP.

---

[1] On June 26, 2019, Mrs. Rathell filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Maryland, having Case No. 19-18716-TJC. Mrs. Rathell's bankruptcy filing was caused by RFEC's intentional default on the RFEC Loan, which, in turn, caused the 1880 Bank to initiate foreclosure proceedings on the RFEC Property, which is owned, in part, by Mrs. Rathell. The foreclosure proceedings were initiated on April 2, 2019 in the Circuit Court for Talbot County, having Case No. C-20-CV-19-000051.

14. In or around the Spring of 2014, Debtor, on behalf of RFEC, obtained a loan from the National Bank of Cambridge (now the 1880 Bank) for a total amount of One Million Five Hundred Sixty-Three Thousand Dollars ($1,563,000.00) (the "RFEC Loan"). As collateral for the RFEC Loan, Mrs. Rathell and the Trust agreed to allow the 1880 Bank to have Indemnity Deeds of Trust on the RFEC Property, which was owned by Mrs. Rathell and the Trust. Additionally, the RFLP allowed 1880 Bank to have Indemnity Deeds of Trust on the Calhoun Farm as collateral for those loans.

15. During and prior to 2016, Debtor was involved in certain litigation with, among others, the Trust, Mrs. Rathell, Charles R. Rathell, III (Debtor's brother) and the RFLP. The litigation primarily concerned the administration of the Trust and the RFLP. As a result of that litigation, the aforementioned parties participated in mediation and, on or about April 12, 2016, entered into a "Settlement Agreement and Release" (the "Settlement Agreement"), attached hereto as <u>Exhibit C</u>. The Settlement Agreement provides, in pertinent part:

> a. "[Debtor] has agreed to purchase the [RFLP Properties] and the Farm House for an aggregate price of Two Million Three Hundred Forty Thousand One Hundred Twenty-Five Dollars ($2,340,125.00). … As a condition of [Debtor] and/or his assignee purchasing the RFLP Properties and the Farm House, [Debtor] agrees to have all of the Indemnity Deeds of Trust and relevant guarantees relative to the loans to him and his company [RFEC] … removed from any and all Trust and RFLP Properties prior to or simultaneous with the final settlement of the Contract." *Id*., at p. 3.
>
> b. That RFEC "borrowed a total of One Million Five Hundred Sixty-Three Thousand Dollars ($1,563,000.00) from the National Bank of Cambridge (now the

1880 Bank) in the Spring of 2014 ('[the RFEC Loan]') … In connection with those loans, Mrs. Rathell and the Trust agreed to allow the 1880 Bank to have Indemnity Deeds of Trust on the RFEC Property as collateral for those loans. Additionally, the RFLP allowed 1880 Bank to have Indemnity Deeds of Trust on the Calhoun Farm as collateral for those loans." *Id*., at p. 5.

b. That "[i]n the event that said property is not sold to [Debtor] or his assignee during the settlement period, [Debtor] and [RFEC] will continue to be responsible to make timely payments on the loans made to [RFEC] that are secured by the Trust and the RFLP Properties and will make timely payment, of the monthly rent for the [RFEC] Property." *Id*., at 5 – 6.

c. That "the parties hereto acknowledge that several or all of the properties subject to this [Settlement Agreement] are encumbered by various debt obligations. Each party warrants that they will take all reasonable steps consistent with their financial ability to avoid triggering a default. All communications with any lender with a party to this Agreement and/or their representatives that may affect another party's loan shall be coordinated by the parties or their counsel prior to providing a substantive response. All parties will keep the other advised of any communications or inquiries from their respective lenders regarding the properties subject to this Agreement."[2] *Id*.

---

[2] Plaintiff notes that Debtor did not keep Plaintiff or its representatives apprised of any communications from the 1880 Bank. Additionally, Debtor, on behalf of RFEC, filed a termination application on January 28, 2019 and subsequently caused the dissolution of RFEC, borrower on the RFEC Loan, without any notice to Plaintiff.

       d.      That "[Debtor] agrees to indemnify and hold harmless the other parties to this agreement for any losses or liabilities associated with the [RFEC Loan] and the portion of the 1880 Bank Loan to [Charles R. Rathell, III] and [Debtor] that he is responsible for as specified in herein." *Id.*, at 15.

       e.      The signature of Debtor on the Settlement Agreement provides that Debtor signed, in part, as "President on behalf of [RFEC]." *Id.*, at 19.

16.      At the time the Settlement Agreement was entered into, Debtor was the sole owner and President of RFEC, which was an active entity at that time.

17.      In addition to Debtor's property interests described above, Debtor also owned certain real property located in Ocean City, Worcester County, Maryland (the "Ocean City Property"). By deed dated May 13, 2011 and attached as <u>Exhibit D</u> hereto, Debtor, along with his significant other, Jennifer Rhodes ("Rhodes"), purchased the Ocean City Property for a sum of $240,000.00.

18.      Subsequently, by deed dated September 27, 2017 and attached as <u>Exhibit E</u> hereto, Debtor transferred his interest in the Ocean City Property to Rhodes, thereby making Rhodes the owner of the Ocean City Property in fee simple, for a sum of ten dollars ($10.00).

19.      Shortly thereafter, on or around November 26, 2017, Debtor formed RSS, of which he currently remains the sole owner and resident agent.

20.      Upon information and belief, subsequent to Debtor's formation of RSS, Debtor transferred substantial property and assets from RFEC to RSS, causing RFEC to become essentially insolvent (the "RFEC Transfer"). As reflected on Debtor's Summary of Assets and Liabilities, Debtor states that his 100% equity interest in RFEC is valued at One Hundred Dollars ($100.00), while Debtor's 100% equity interest in RSS is valued at One Hundred Eighty Thousand

Dollars ($180,000.00).  *See*, Debtor's Summary of Assets and Liabilities and Certain Statistical Information, Doc. No. 23, at p. 5.

21. Debtor's transfer of assets from RFEC to RSS and subsequent failure to perform his obligations pursuant to the RFEC Loan caused RFEC to default on the RFEC Loan.  As a result of the default, the 1880 Bank has attempted to foreclose on the RFEC Property which belongs to Mrs. Rathell and the Trust (*See*, n. 1), as the RFEC Property was guaranteed by Mrs. Rathell and the Trust as collateral for the RFEC Loan.  During this time, while the Trust suffered great financial distress as a result of the default, Debtor fraudulently held substantial property and assets under RSS, outside the reach of the 1880 Bank.

### COUNT ONE – OBJECTION TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523(c)(1)
### (RFEC TRANFER)

22. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 – 21 herein, as if fully set forth herein.

23. Section 523(c)(1) of the Bankruptcy Code provides, in pertinent part, that "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

24. Section 523(a)(4), in turn, provides: "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt - … (4)  for fraud of defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

25. Debtor, as sole owner of RFEC, was acting in a fiduciary capacity when he caused the RFEC Transfer to occur.

26. The RFEC Transfer effected by Debtor was fraudulent in nature and performed with the intent to put substantial property and assets out of reach of the 1880 Bank. Debtor's fraudulent conduct has directly resulted in RFEC's default on the RFEC Loan and the subsequent compromise of the RFEC Property, owned in part by the Trust.

27. Additionally, Section 523(a)(6) provides: "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt - (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."[3]

28. Debtor willfully and maliciously caused injury to the Trust by purposefully effectuating the RFEC Transfer and causing RFEC to default on the RFEC Loan.

29. The Trust has been injured through being subjected to foreclosure proceedings on the RFEC Property, which it has a majority ownership stake in, as well as having made forbearance payments to the 1880 Bank, which payments are rightfully due from Debtor and RFEC, to avoid foreclosure on property belonging to the Trust.

WHEREFORE, Plaintiff objects to the discharge of any debt incurred by Debtor owed to the 1880 Bank, as well as any obligation Debtor has to the Trust, including indemnification of the Trust, and hereby requests that this Honorable Court exempt same from any discharge of debt ordered by this Court.

**COUNT TWO – OBJECTION TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523(c)(1)**
**(OCEAN CITY PROPERTY)**

---

[3] *See*, *In re Rountree*, 478 F.3d 215, 219 (4th Cir. 2007) (stating that "Congress provided protection for creditors injured by the torts of bankrupt debtors in subsection (a)(6), which excepts from discharge a debt incurred as a result of the debtor's "willful and malicious injury" to the creditor or her property.").

30. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 – 29 herein, as if fully set forth herein.

31. Debtor, along with Rhodes, owned the Ocean City Property as Joint Tenants with Rights of Survivorship from May 13, 2011 until September 27, 2017.  *See*, Exhibits D and E.

32. Debtor's transfer of his interest in the Ocean City Property to Rhodes in fee simple for nominal consideration of Ten Dollars ($10.00) was done with a willful and malicious intent to injure the Trust.  Specifically, by effecting the transfer of Debtor's interest in the Ocean City Property, Debtor moved the Ocean City Property outside of the scope of the instant bankruptcy estate, thereby decreasing Debtor's assets which are available to satisfy creditors named in the instant bankruptcy action.

33. Plaintiff, as a named creditor in the instant bankruptcy action, has been injured by Debtor's willful, malicious and fraudulent attempt to transfer a significant asset outside the reach of Plaintiff's grasp as a creditor in this action, against which Debtor's asset could be used to satisfy Plaintiff's claims as a creditor.

WHEREFORE, Plaintiff requests that this Honorable Court account for Debtor's former interest in the Ocean City Property and exempt an equivalent amount from any discharge of debt ordered by this Court.

Dated: July 15, 2019
Columbia, Maryland

Respectfully submitted,

/s/ Gregory A. Dorsey
_____
Gregory A. Dorsey, Fed. Bar No. 25218
Kelly Dorsey, P.C.
10320 Little Patuxent Parkway
Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750
Fax: (443) 542-0069
Email: gdorsey@kellydorseylaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 15th day of July, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of *the foregoing* will be served electronically by the Court's CM/ECF system on the following:

- L. Jeanette Rice          riceesq@att.net, riceesq10@gmail.com, jamierice22@yahoo.com, ricelr66670@notify.bestcase.com, tonii.waddy@walshbecker.com
- Monique D. Almy, Trustee   malmytrustee@cfrowell.com, cbest@crowell.com, malmy@ecf.axosfs.com

/s/ Gregory A. Dorsey
Gregory A. Dorsey