## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: JEFFREY D. RATHELL, SR. | * | CASE NO.: 19-15056-TJC |
| | * | |
| DEBTOR | * | CHAPTER 7 |

---

| | | |
|---|---|---|
| THE RESIDUARY TRUST | * | |
| U/W CHARLES R. RATHELL, JR. | * | |
| | * | |
| PLAINTIFF | * | ADVERSARY CASE NO.: __19-00257__ |
| | * | |
| V. | * | |
| | * | |
| JEFFREY D. RATHELL, SR. | * | |
| | * | |
| and | * | |
| | * | |
| RATHELL FARM EQUIPMENT | * | |
| COMPANY, INC. | * | |
| | * | |
| and | * | |
| | * | |
| RATHELL SALES & SERVICE, LLC | * | |
| | * | |
| DEFENDANTS | * | |

---

## MOTION TO DISMISS
## COMPLAINT OBJECTING TO DISCHARGE OF DEBT

Jeffrey D. Rathell, Sr., Debtor and Defendant, by his counsel, L. Jeanette Rice, of Walsh,

Becker & Rice, files this Motion to Dismiss Complaint Objecting to Discharge of Debt ("the

Complaint") and states as follows:

## PRELIMINARY STATEMENT

This Motion is filed pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule

12 of the Federal Rules of Civil Procedure. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure,

a defendant can move to dismiss a case when, assuming the facts as pled are true and construing all

inferences in favor of the plaintiff, the complaint does not state a claim upon which the court can grant relief. Vitol, S.A. v. Primerose Shipping Co. Ltd., 708 F.3d 527, 539 (4th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). The standard requires "more than a sheer possibility that a defendant has acted unlawfully" Id. A plaintiff is required "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

The Complaint fails to state a claim upon which relief may be granted under 11 U.S.C. 523(a)(4), and 11 U.S.C. 523(a)(6) and should be dismissed.

## ARGUMENT

### I. RATHELL FARM EQUIPMENT COMPANY, INC. AND RATHELL SALES & SERVICES, LLC ARE NOT DEBTORS IN THIS BANKRUPTCY CASE AND THEY MUST BE DISMISSED AS DEFENDANTS

The Plaintiff names as defendants in this adversary proceeding objecting to discharge of a debt, Rathell Farm Equipment Company, Inc. and Rathell Sales & Service, LLC. Both are duly incorporated entities. Neither entity is a debtor in a bankruptcy case. This court has no jurisdiction to determine the dischargeability of debts for third parties who are not debtors in a bankruptcy case. The discharge provisions stated in 11 U.S.C. § 523 apply exclusively to debtors in bankruptcy cases and can in no way be construed to apply to these two corporate entities who have not filed a bankruptcy case seeking to have a debt owed to the Plaintiff discharged.

### II. COUNT ONE MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

#### a. The Plaintiff fails to state a claim for relief under 11 U.S.C. § 523(a)(4)

The Plaintiff fails to state a claim upon which relief may be granted under 11 U.S.C. §

523(a)(4) because the facts pleaded by the Plaintiff show that:  1) No trust express or otherwise existed between the Plaintiff and the Defendant; 2) the Defendant was not a fiduciary to the Plaintiff; and 3) There was no money or property in which the Plaintiff had an interest that was in the possession or control to the Debtor.  For these reasons, Count One must be dismissed.

Count One of the Complaint alleges that the debt is excepted from discharge by 11 U.S.C. § 523(a)(4) "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." A debt is non-dischargeable under 11 U.S.C. § 523(a)(4) where "1) an express trust existed, 2) the debt was caused by fraud or defalcation, and 3) the debtor acted as a fiduciary to the creditor at the time the debt was created." Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir. 1987).

The Debtor was not a fiduciary of the Plaintiff.   The relationship between lender and borrower does not create a fiduciary relationship. Gulati v. McClendon (In re McClendon), 415 B.R. 170 (Bankr. D. Md. 2009).  Only an express or technical trust can create the fiduciary relationship for purposes of nondischargeability of debt by a fiduciary in bankruptcy.   To prevail on a claim arising under 11 U.S.C § 523(a)(4), defendant and plaintiff must have had a fiduciary relationship that is traditionally recognized by courts.  "The types of fiduciary capacity intended by Congress to render a debt non-dischargeable are persons in positions of ultimate trust, such as public officers, executors, administrators, guardians, trustees of express trusts, attorneys and corporate directors." Spinoso v. Heilman (In re Heilman), 241 B.R. at 169 (Bankr. D. Md. 1999).

There is no allegation that the Debtor fraudulently misappropriated or converted property or funds in which the Plaintiff had an interest.  "Fraud for purposes of this exception has generally been interpreted as involving intentional deceit, rather than implied or constructive fraud." 4 *Collier on Bankruptcy*, P 523.10 at pg. 523-70 (15th ed. rev. 2006); Arrow Concrete Co. v. Bleam (In re Bleam), 356 B.R. 642, 648 (Bankr. D.S.C. 2006).

There is no allegation that the Debtor obtained any property or funds of the Plaintiff by defalcation. "Generally, defalcation is a failure to account for money or property that has been entrusted to one." Arrow Concrete Co. v. Bleam (In re Bleam), 356 B.R. 642, 645 (Bankr. D.S.C. 2006). There is no allegation that the Debtor failed to account for any money or property entrusted to him by the Plaintiff.

There is no allegation that the Debtor embezzled any funds from the Plaintiff. Embezzlement under Section 523(a)(4) has been defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." Brady v. McAllister (In re Brady), 101 F.3d 1165, 1172-73 (6th Cir. 1996). "Embezzlement requires three elements: (1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than that which it was entrusted; and (3) circumstances indicating fraud." Spinoso v. Heilman (In re Heilman), 241 B.R. 137, 171 (Bankr. D. Md. 1999).

There is no allegation that the Debtor obtained property or funds from the Plaintiff by larceny. "To prove larceny, the plaintiff must show that the debtor wrongfully took property from the rightful owner with fraudulent intent to convert such property to the debtor's own use without the owner's consent." Mirarchi v. Nofer (In re Nofer), 514 B.R. 346, 350 (Bankr. E.D.N.Y. 2014).

**b. The Plaintiff fails to state a claim for relief with respect to the alleged transfer of assets from Rathell Farm Equipment Company to Rathell Sales and Service, LLC**

The allegation that the Debtor transferred assets from Rathell Farm Equipment Company Inc. to Rathell Sales and Service, LLC to put the assets out of the reach of 1880 Bank is without any factual support. This issue can be resolved by a reference to the bankruptcy schedules filed by the Debtor. The Plaintiff does not have a security or property interest in either company or the assets of either company. All of the assets of Rathell Farm Equipment Company, Inc. and Rathell Sales and Service, LLC are fully encumbered by liens held by Queenstown Bank and Ronald Karbaum. (See

Schedules A/B and D attached hereto as Exhibit A).   As all assets are fully unencumbered by liens, there are no assets of Rathell Farm Equipment Company, Inc. that were placed out of the reach of any creditor, including, Plaintiff or 1880 Bank.  Also, if there were unencumbered assets, of Rathell Sales and Service, LLC., the Chapter 7 Trustee would liquidate the assets and pay the creditors including the Plaintiff and 1880 Bank.   The Debtor is not retaining $180,000.00 in equity and shielding the assets from *any* creditor including Plaintiff and 1880 Bank because there is no equity to shield.  The Debtor has used funds from his exempt retirement plan to purchase his unexempt assets for the Chapter 7 trustee, and these funds will be distributed to the creditors by the Chapter 7 Trustee. (Exhibit B).

   c.   **The Plaintiff fails to state a claim upon which relief may be granted under 11 U.S.C § 523(a)(6)**

   The Plaintiff fails to state a claim upon which relief by be granted under 11 U.S.C. § 523(a)(6) because there are no facts alleged to show that the Debtor willfully and maliciously injured the Plaintiff or Plaintiff's property.  The Plaintiff had no interest in the property transferred; therefore, Count One must be dismissed.

   The Plaintiff alleges in Count One that the debt should be excepted from discharge under 11 U.S.C. § 523(a)(6) because the "Debtor willfully and maliciously caused injury to the Trust by purposefully effecting the RFEC Transfer and causing the RFEC to default on the RFEC Loan." (Complaint, page 9, paragraph 28).  For a debt to be excepted from discharge under 11 U.S.C. §523(a)(6), "the plaintiff must prove three elements by a preponderance of the evidence: (1) that the defendant's actions caused an injury to the plaintiff's  person or property, (2) that the defendant's actions were willful, and (3) that the defendant's actions were malicious." Huntington Nat'l Bank v. Aman (In re Aman), 498 B.R. 592, 607 (Bankr. N.D.W. Va. 2013).

The Debtor's actions in transferring the assets of Rathell Farm Equipment Company, Inc. to Rathell Sales and Service, LLC did not injure the Plaintiff or the Plaintiff's property.  The Plaintiff has no property rights or security interest in Rathell Farm Equipment Company, Inc. or any asset of Rathell Farm Equipment Company, Inc.  See Conner, Inc. v. Abell (In re Abell), Nos. 17-15826-SAL, 17-00314, 2018 Bankr. LEXIS 2207 (Bankr. D. Md. July 26, 2018) (dismissing claim under 11 U.S.C. § 523(a)(6) when the plaintiff did not have any property rights in the funds).

As stated previously, the assets of Rathell Farm Equipment Company, Inc. and the successor, Rathell Sales and Services, Inc. are over-encumbered by liens held by Queenstown Bank and Ronald Karbaum, therefore, there are no assets available to Plaintiff or 1880 Bank.

The Plaintiff fails to allege any facts to show that the acts by the Defendant were wrongful or tortious.  This case is a breach of contact action and a simple breach of contract is not the type of injury addressed by § 523(a)(6).  See Barbachano v. Allen, 192 F.2d 836, 838 (9th Cir. 1951); In re Akridge, 71 B.R. 151, 154 (Bankr. S.D. Cal. 1987) (debts that are excepted from discharge under § 523(a)(6) relate solely to tortious liabilities, not debts stemming from breach of contract).  See K&M Elec., Servs. v. Vito (In re Vito), 598 B.R. 809 (Bankr. D. Md. 2019).

The Defendant actions were not willful. "The word "willful" in 11 U.S.C 523(a)(6) modifies the word "injury" indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 977, 140 L.Ed.2d 90, 95 (1998).  "Willful" for purposes of section 523(a)(6) means the debtor must have intended the actual injury, not just have intended the act that causes the injury. Hope v. Walker (In re Walker), 48 F.3d 1161, 1164, 8 Fla. L. Weekly Fed. C 1130 (11th Cir. 1995); Andrews v. Chamblee (In re Chamblee), 510 B.R. 370, 385 (Bankr. N.D. Ala. 2014).  The Debtor dissolved Rathell Farm Equipment Company, Inc. and formed Rathell Sales and Services, LLC.  The Plaintiff did not have any interest in the assets of either company.  In addition, as stated previously,

the Debtor's schedules show that all assets are encumbered.  The act of the dissolving one company and establishing another did not directly injure the Plaintiff or the Plaintiff's property.  Plaintiff fails to state any facts to support the allegation that these acts resulted in a default of the 1880 Bank loan.

The Plaintiff also alleges that the failure of the Defendant to pay the 1880 Bank loan was willful and malicious and caused injury to the Plaintiff.  There are no facts alleged to show that the Plaintiff's failure to pay the 1880 Bank loan was either willful or malicious. "Courts entertaining claims of economic injury under section 523(a)(6) typically require something more than the nonpayment of a debt." K&M Elec., Servs. v. Vito (In re Vito), 598 B.R. 809, 825 (Bankr. D. Md. 2019).

There are no facts alleged to show that the Defendant acted to willfully injure the Plaintiff. The act by the Debtor was failing to pay the 1880 Bank loan because he was insolvent.  One of the indirect consequences of that act was that 1880 Bank commenced foreclosure proceedings against property owned by the Plaintiff.  This is a deliberate or intentional act that consequently lead to an injury and as the Supreme Court has held in Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 977, 140 L.Ed.2d 90, 95 (1998), this is not a basis for non-dischargeability under 11 U.S.C. § 523(a)(6).

Other than bare allegations, the Plaintiff fails to state any facts to show that the Debtor acted "maliciously" to cause injury to the Plaintiff.  "Malicious" under § 523(a)(6) means that the debtor's act was committed "deliberately and intentionally in knowing disregard of the rights of another." First Nat'l Bank v. Stanley (In re Stanley), 66 F.3d 664, 667 (4th Cir. 1995); In re Walker, 48 F.3d 1161, 1163-64 (11th Cir. 1995) ("As used in section 523(a)(6), malicious means wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.").  See Huntington Nat'l Bank v. Aman (In re Aman), 498 B.R. 592, 608 (Bankr. N.D.W. Va. 2013).   As stated previously, the Debtor's failure to make the loan payments to 1880 Bank in no way

demonstrated behavior that was wrongful or without just cause.  Most bankruptcy debtors do not pay their debts when they become insolvent, if this was the requirement to show malicious intent, every debtor would be denied a discharge.

### III.      COUNT TWO MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The Plaintiff has alleged no facts to support a claim under 11 U.S.C. § 532(a)(6) with respect to the Debtor's transfer to the Ocean City property and therefore, Count Two must be dismissed.

The Plaintiff alleges in Count Two of the Complaint that the Debtor transferred property he owned jointly with his significant other, Jennifer Rhodes, solely into the name of Jennifer Rhodes on September 27, 2017, with willful and malicious intent to injure the Plaintiff.   These bare allegations without any factual support cannot support a claim under 11 U.S.C. § 532(a)(6) especially when the Plaintiff had no interest in the property transferred.

The Plaintiff did not have a lien, security interest, or property interest in the Ocean City property.  There is not a single fact stated to show that the transfer of the Ocean City Property caused a "willful injury" to the Plaintiff or Plaintiff's property.  There is not a single fact to show that the transfer of the Ocean City Property was "malicious."  There are no facts to show that the transfer of the Ocean City Property was done to remove it outside of the reach of the Plaintiff let alone the bankruptcy estate.

The act by the Debtor was transferring the Ocean City Property solely into the name of Jennifer Rhodes.  One of the indirect consequences of that act was the Ocean City Property is not included in the bankruptcy estate, which could perhaps impact all creditors, not only the Plaintiff.  In other words,  a deliberate or intentional act that leads to injury and as the Supreme Court, held in Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 977, 140 L.Ed.2d 90, 95 (1998), is not a basis for non-dischargeability under 11 U.S.C. § 523(a)(6).

WHEREFORE, the Defendants pray that this Court:

a. Grant a hearing on this motion;

b. Dismiss the Complaint;

c. Dismiss Rathell Farm Equipment Company, Inc. and Rathell Sales and Service, LLC as

    Defendants; and

d. Grant such other and further relief as the nature of this cause may require.

Date: August 22, 2019                            **/s/ L. Jeanette Rice**
                                                 L. Jeanette Rice, Esquire, 12933
                                                 Walsh, Becker & Rice
                                                 14300 Gallant Fox Lane
                                                 Suite 218
                                                 Bowie, MD 20715
                                                 (301) 262-6000
                                                 riceesq@att.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **August 22, 2019**, I reviewed the court's CM/ECF
system and a copy of the Motion to Dismiss will be served electronically on:

Gregory A. Dorsey – gdorsey@kellydorseylaw.com

                                                 **/s/ L. Jeanette Rice**
                                                 L. Jeanette Rice, Esquire, 12933

# EXHIBIT A

**Fill in this information to identify your case and this filing:**

Debtor 1    **Jeffrey Douglas Rathell, SR**
       First Name             Middle Name             Last Name

Debtor 2
(Spouse, if filing)    First Name             Middle Name             Last Name

United States Bankruptcy Court for the:    DISTRICT OF MARYLAND

Case number    **19-15056**

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
           12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.

   ■ Yes. Where is the property?

1.1

**29432 Buckingham Drive**
Street address, if available, or other description

**Cordova**      **MD**    **21625**
City            State    ZIP Code

County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative

☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Residence: HOME**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $374,450.00 | $374,450.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☐ Check if this is community property (see instructions)

Debtor 1    **Jeffrey Douglas Rathell, SR**                                    Case number *(if known)*    **19-15056**

**If you own or have more than one, list here:**

**1.2**

**29777 Skipton Cordova Road**
Street address, if available, or other description

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

■ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $105,000.00 | $105,000.00 |

**Cordova          MD      21625**
City              State      ZIP Code

_____
County

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**1 acre of land with trailer and shed (rental property)**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☐ Check if this is community property (see instructions)

---

**If you own or have more than one, list here:**

**1.3**

**2209 Philadelphia Ave**
Street address, if available, or other description

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

■ Other    **Timeshare**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $2,500.00 | $2,500.00 |

**Ocean City        MD      21811-0000**
City              State      ZIP Code

**Worcester**
County

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**One week timeshare in Ocean City Maryland**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☐ Check if this is community property (see instructions)

---

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here**.......................................................=>

| $481,950.00 |
|---|

**Part 2:**    **Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Debtor 1    **Jeffrey Douglas Rathell, SR**                                Case number *(if known)*    **19-15056**

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: | **FORD** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

3.1 Make: **FORD**

Model: **MUSTANG**

Year: **2006**

Approximate mileage: **45850**

Other information:

Vehicle:

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    **$7,307.00**

Current value of the portion you own?    **$7,307.00**

3.2 Make: **HONDA**

Model: **VTX1800**

Year: **2002**

Approximate mileage: **9800**

Other information:

Vehicle:

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    **$2,575.00**

Current value of the portion you own?    **$2,575.00**

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here................................................................=>    **$9,882.00**

**Part 3:    Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

Household: LIVING ROOM FURNITURE - 2 couch, recliner, 2 lamps, tv stand, coffee table, 2 end tables  DINING ROOM  table 8 chairs, corner cabinet, buffet, cabinet BEDROOM guest double bed, 2 bureaus, night stand, 2 lamps BEDROOM - double bed, night stand, stood, 2 lamps 2 clothes bureaus SUN PORCH - couch, recliner, coffee table round table 5 chairs, tv stand, 2 lamps KITCHEN - refrigerator, microwave, stove, dishwashers, kitchen table 4 chairs and bench, kitchenware  LAUNDRY ROOM  - washing machine and dryer GARAGE freezer, refrigerator SHED - hoses, pots, wheel barrel, rake, shovel OFFICE - desk, chair, 3 lamps, 2 filing cabinets Good living room - roll top desk, 3 chairs, couch, 2 floor lamps, clock

**$4,500.00**

7. **Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No

Official Form 106A/B                          Schedule A/B: Property                                          page 3

Debtor 1   **Jeffrey Douglas Rathell, SR**                                   Case number *(if known)*   **19-15056**

■ Yes. Describe.....

| | |
|---|---|
| **Electronics: 3 Television, Computer, 2 CD players, Printer, Ipad, Cellular Phone, House Electronics** <br> **Location: 29432 Buckingham Drive, Cordova MD 21625** | $1,500.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Firearms: 6 shot guns, gun case** <br> **Location: 29432 Buckingham Drive, Cordova MD 21625** | $1,800.00 |

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Clothes: Traditonal Men's Wardrobe** <br> **Location: 29432 Buckingham Drive, Cordova MD 21625** | $1,000.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| | |
|---|---|
| **Jewelry: RING** <br> **Location: 29432 Buckingham Drive, Cordova MD 21625** | $500.00 |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes. Give specific information.....

| | |
|---|---|
| **15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................ | $9,300.00 |

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

Do you own or have any legal or equitable interest in any of the following?                    Current value of the portion you own?
Do not deduct secured claims or exemptions.

Debtor 1    **Jeffrey Douglas Rathell, SR**                                    Case number *(if known)*    **19-15056**

---

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ☐ No
   ☑ Yes.................................................................................................

|  | **Cash:**<br>**Location:**<br>**29432**<br>**Buckingham**<br>**Drive,**<br>**Cordova MD**<br>**21625** | **$50.00** |
|---|---|---|

---

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
   institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ☑ Yes.......................        Institution name:

| 17.1. | **Checking** | **Checking Account: PNC 1594** | **$1,691.07** |
|---|---|---|---|

| 17.2. | **Savings** | **Savings Account: PNC** | **$598.01** |
|---|---|---|---|

---

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ☐ No
   ☑ Yes..................        Institution or issuer name:

|  | **Stock: Shore Bank Share 285 shares** | **$2,850.00** |
|---|---|---|

---

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ☐ No
   ☑ Yes.  Give specific information about them...................
        Name of entity:                                    % of ownership:

| **Rathell Farm Equipment Comapany Inc.**<br>**12681 Old Skipton Road**<br>**Queen Anne, MD 21657**<br>**Dissolved** | **100** | **%** | **$100.00** |
|---|---|---|---|
| **Rathell Sales and Service LLC**<br>**8338 Elliot Road**<br>**Suite 2**<br>**Easton, MD 21601** | **100** | **%** | **$180,000.00** |

---

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ☑ No
   ☐ Yes. Give specific information about them
        Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ☐ No
   ☑ Yes. List each account separately.

Official Form 106A/B                              Schedule A/B: Property                                          page 5

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1　**Jeffrey Douglas Rathell, SR**　　　　　　　　　　　　Case number *(if known)*　**19-15056**

| Type of account: | Institution name: | |
|---|---|---|
| **IRA** | **Retirement: 1880 BANK IRA** | **$2,369.02** |
| **401(k)** | **Retirement: ADP 401K** | **$80,102.99** |
| **401(k)** | **Retirement: AXA  EQUI-VEST** | **$121,297.09** |

**22. Security deposits and prepayments**
　　Your share of all unused deposits you have made so that you may continue service or use from a company
　　*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
　　■ No
　　☐ Yes. ......................　　　　　　　　　　　　Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
　　■ No
　　☐ Yes.............　　Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
　　26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
　　■ No
　　☐ Yes.............　　Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
　　■ No
　　☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
　　*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
　　■ No
　　☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
　　*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
　　■ No
　　☐ Yes.  Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**
　　■ No
　　☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
　　*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
　　■ No
　　☐ Yes. Give specific information......

**30. Other amounts someone owes you**
　　*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
　　　　　　　benefits; unpaid loans you made to someone else
　　■ No
　　☐ Yes.  Give specific information..

**31. Interests in insurance policies**
　　*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
　　■ No

Official Form 106A/B　　　　　　　　　　　Schedule A/B: Property　　　　　　　　　　　　　　page 6

Debtor 1  **Jeffrey Douglas Rathell, SR**                    Case number *(if known)*  **19-15056**

☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

**32.  Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes.  Give specific information..

**33.  Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No
☐ Yes.  Describe each claim.........

**34.  Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No
☐ Yes.  Describe each claim.........

**35.  Any financial assets you did not already list**

■ No
☐ Yes.  Give specific information..

**36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.............................................................................................**

$389,058.18

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37.  Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.
☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
|  | If you own or have an interest in farmland, list it in Part 1. |

**46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.
☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest In That You Did Not List Above |
|---|---|

**53.  Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

■ No
☐ Yes. Give specific information.........

**54.  Add the dollar value of all of your entries from Part 7. Write that number here ....................................**

$0.00

Debtor 1   **Jeffrey Douglas Rathell, SR**        Case number *(if known)*  **19-15056**

| **Part 8:** | **List the Totals of Each Part of this Form** |
|---|---|

| | | | |
|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ................................................................................................................ | | $481,950.00 |
| 56. | **Part 2: Total vehicles, line 5** | $9,882.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | $9,300.00 | |
| 58. | **Part 4: Total financial assets, line 36** | $389,058.18 | |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54** | + $0.00 | |
| 62. | **Total personal property.** Add lines 56 through 61... | $408,240.18 | Copy personal property total ........... $408,240.18 |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | $890,190.18 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Jeffrey Douglas Rathell, SR** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF MARYLAND |
| Case number (if known) | **19-15056** |

☐ Check if this is an amended filing

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|

| 2.1  **1880 BANK** | Describe the property that secures the claim: | $217,000.00 | $374,450.00 | $0.00 |
|---|---|---|---|---|
| Creditor's Name | **29432 Buckingham Drive Cordova, MD 21625**<br>**Residence: HOME** | | | |

**304 HIGH STREET**
**CAMBRIDGE, MD 21613**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred    **07/19/2018**    Last 4 digits of account number    **3581**

| Debtor 1 | **Jeffrey Douglas Rathell, SR** | | | Case number (if known) | **19-15056** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

| 2.2 | **1880 BANK** | | $10,300.00 | $105,000.00 | $0.00 |
|---|---|---|---|---|---|
| | Creditor's Name | | | | |

**Describe the property that secures the claim:**

> **29777 Skipton Cordova Road**
> **Cordova, MD 21625**
> **1 acre of land with trailer and shed**
> **(rental property)**

**304 HIGH STREET**
**CAMBRIDGE, MD 21613**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
- ☒ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Date debt was incurred  **04/10/2014**      Last 4 digits of account number   **1476**

---

| 2.3 | **1880 BANK** | | $437,994.49 | $374,450.00 | $280,544.49 |
|---|---|---|---|---|---|
| | Creditor's Name | | | | |

**Describe the property that secures the claim:**

> **29432 Buckingham Drive Cordova,**
> **MD 21625**
> **Residence: HOME**

**304 HIGH STREET**
**CAMBRIDGE, MD 21613**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
- ☒ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☒ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
- ☒ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Date debt was incurred  _____      Last 4 digits of account number   **2145**

---

| 2.4 | **1880 BANK** | | $437,994.49 | $105,000.00 | $343,294.49 |
|---|---|---|---|---|---|
| | Creditor's Name | | | | |

**Describe the property that secures the claim:**

> **29777 Skipton Cordova Road**
> **Cordova, MD 21625**
> **1 acre of land with trailer and shed**
> **(rental property)**

**304 HIGH STREET**
**CAMBRIDGE, MD 21613**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Who owes the debt?** Check one.
- ☒ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
- ☒ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Date debt was incurred  _____      Last 4 digits of account number  _____

---

Official Form 106D      Additional Page of Schedule D: Creditors Who Have Claims Secured by Property      page 2 of 4

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Debtor 1   **Jeffrey Douglas Rathell, SR**                                    Case number (if known)    **19-15056**
      First Name     Middle Name     Last Name

| 2.5 | **Queenstown Bank** | Describe the property that secures the claim: | $258,000.00 | $180,000.00 | $78,000.00 |
| | Creditor's Name | | | | |

**Rathell Sales and Service LLC**
**8338 Elliot Road and Rathell Farm**
**Equipment Company Inc.**
**Suite 2**
**Easton, MD 21601**
**100 % ownership**

**PO Box 120**
**Queenstown, MD 21658**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____   Last 4 digits of account number _____

| 2.6 | **Roland Karbaum** | Describe the property that secures the claim: | $74,743.00 | $180,000.00 | $74,743.00 |
| | Creditor's Name | | | | |

**Rathell Sales and Service LLC**
**8338 Elliot Road**
**Suite 2**
**Easton, MD 21601**
**100 % ownership**

**P.O. Box 238**
**Church Hill, MD 21623**
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____   Last 4 digits of account number _____

Add the dollar value of your entries in Column A on this page. Write that number here:      **$1,436,031.98**
If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:      **$1,436,031.98**

**Part 2:   List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐
   Name, Number, Street, City, State & Zip Code
**Douglas Walker**
**100 N West Street**
**Easton, MD 21601**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

Debtor 1    **Jeffrey Douglas Rathell, SR**
       First Name        Middle Name        Last Name

Case number (*if known*)    **19-15056**

☐   Name, Number, Street, City, State & Zip Code
**MDSW**
**Doug Walker**
**100 N Street**
**Easton, MD 21601**

On which line in Part 1 did you enter the creditor?   **2.1**

Last 4 digits of account number ___

---

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re | * | |
| JEFFREY DOUGLAS RATHELL, SR., | * | Case No. 19-15056 |
| | | Chapter 7 |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

TRUSTEE'S NOTICE OF SALE OF NON-EXEMPT
EQUITY IN PERSONAL PROPERTY

YOU ARE HEREBY NOTIFIED that the Trustee in this case proposes to sell the non-exempt equity in the assets described below:

**TYPE OF SALE:**    Private Sale

**PROPERTY TO BE SOLD:**    Non-exempt equity of the Debtor's interest in (a) 2209 Philadelphia Avenue, Ocean City, Maryland (timeshare); (b) 2006 Ford Mustang; (c) 2002 Honda VTZ; (c) household goods; (d) electronics; (e) firearms; (f) clothing; and (g) jewelry (the "Property").

**SALE PRICE/TERMS OF PAYMENT:**    $14,971.08

**SCHEDULED VALUE OF ASSETS:**    $2500 2209 Philadelphia Avenue ($0 exempt), (b) $7307, 2006 Ford Mustang ($2,575 exempt); (c) $2,575   2002 Honda VTZ ($810.92 exempt); (d) $4,500 household goods ($3,325 exempt); (e) $1500 electronics ($0 exempt); (f) $1,800 firearms ($0 exempt) and (g) $1,000 jewelry ($0 exempt).

**DATE OF ANY APPRAISAL, VALUE OF APPRAISAL, NAME/ADDRESS OF APPRAISER:**    Scheduled values used.

**NAME OF THE BUYER, AND RELATIONSHIP TO ANY PARTY IN INTEREST:** The purchaser is Debtor Jeffrey Douglas Rathell, Sr.

**SALES AGENT/AUCTIONEER/BROKER/ETC.:**    N/A

**COMPENSATION TO SALE AGENT/AUCTIONEER/BROKER/ETC.:**    Not applicable.

**ADDITIONAL SALES CHARGES:**    None

**ESTIMATED TRUSTEE'S COMMISSION ON SALE:**    $2,247.11

**LIENS/MORTGAGES/SECURITY INTERESTS ENCUMBERING PROPERTY:**  There are no liens on the Property.

DCACTIVE 50682090 v.1

**PROCEEDS ESTIMATED TO BE PAID TO THE ESTATE:**  Approximately $12,723.97

The Trustee recommends that the proposed sale be approved for the following reason: The scheduled value of the Property is $21,682. There are no liens on the Property. The Debtor is electing to use $6,710.92 in available exemptions.   Thus, the non-exempt equity of the Debtor's interest in the Property is $14,971.08. The Trustee alleges that the amount of the proposed payment is fair and reasonable.

Parties in interest wishing to object to the proposed sale of non-exempt equity in the personal property must file their objections in writing within twenty-one (21) days of the date of this notice with the Office of the Clerk of the United States Bankruptcy Court for the District of Maryland, 8th Floor, 101 W. Lombard Street, Baltimore, Maryland 21201, with a copy to the Trustee at the address given below.   Objections must be filed no later than August 1, 2019. Objections must contain a full and complete specification of the factual and legal grounds upon which they are based.  If an objection(s) is filed, a hearing is scheduled for August 13, 2019 at 10:00 a.m. in the Post Office Building, 129 East Main Street, Room 104, Salisbury, MD.  If no timely objections are filed, the proposed sale may be authorized without further order or notice. The Court, in its discretion, may conduct a hearing or determine the matter without a hearing regardless of whether an objection is filed.  Parties in interest with questions may contact the Trustee at the address or telephone number listed below.

Dated:   July 11, 2019

/S/ Monique D. Almy
Monique D. Almy ( Fed. Bar No. 04479)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
10th Floor
Washington, DC  20004
(202) 508-8749
Chapter 7 Trustee